IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-140-BR
No. 5:12-CV-528-BR

| | |
|---|---|
| EMIL BORTEY STEWART, )<br>       Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>       Respondent. ) | ORDER |

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 6 August 2007, pursuant to a plea agreement, petitioner pled guilty to possession with the intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). At sentencing, on 5 December 2007, the court determined that petitioner was a career offender under U.S.S.G. § 4B1.1 based on a 1994 North Carolina conviction for possession with intent to sell or deliver cocaine and a 1995 North Carolina conviction for assault with a deadly weapon with intent to kill.[1] (See PSR ¶¶ 17, 22, 53.) The court sentenced him to 151 months imprisonment. Petitioner did not appeal.

In his § 2255 motion, petitioner asserts one claim. He contends that in light of United

---

[1]The court did sustain petitioner's objection to the career offender enhancement to the extent that it over-represented the seriousness of his criminal history and accordingly reduced petitioner's criminal history category. (12/5/07 Tr., DE # 62, at 3, 6.) However, the court did not lower petitioner's offense level, which was also based on his being a career offender. (See PSR ¶ 53; 12/5/07 Tr., DE # 62, at 7.)

States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his 1994 conviction no longer qualifies as a predicate offense to support the career offender enhancement and therefore, his sentence should be corrected.  Under the sentencing guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2007).  "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . ." Id. § 4B1.2, App. N.1.  A "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Id. § 4B1.2(b).

At issue here is whether petitioner's 1994 North Carolina conviction is for an offense punishable by imprisonment for a term exceeding one year.  In Simmons, the court held that in making this determination, the district court must examine whether the specific defendant could have received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense.  649 F.3d at 243-44.  The court must look to the sentence which could have been imposed *at the time of the defendant's conviction for that offense*.  See United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011) (analyzing the defendant's 1992 and 1994 North Carolina convictions under Simmons by reference to the punishment applicable pursuant to North Carolina's Fair Sentencing Act, which was repealed effective 1 October 1994).

2

Petitioner was convicted of possession with intent to sell or deliver cocaine on 6 September 1994.[2] (PSR ¶ 17.) That offense is a Class H felony under North Carolina law. See N.C. Gen. Stat. §§ 90-90(1)(d) (designating cocaine as a Schedule II controlled substance), 90-95(b)(1) (anyone who manufactures, sells or delivers, or possesses with intent to manufacture, sell or deliver, a controlled substance classified in Schedule II shall be punished as a Class H felon). At the time of petitioner's conviction for that offense, North Carolina's Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.1 *et seq.*, was in effect. See State v. Lawrence, 667 S.E.2d 262, 263 (N.C. Ct. App. 2008) ("Offenses committed prior to 1 October 1994 are controlled by the Fair Sentencing Act. (Article 81A of Chapter 15A of the North Carolina General Statutes)."). Under that Act, "a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years." Id. at 264; see also N.C. Gen. Stat. §§ 14-1.1(a)(8) (repealed 1995) ("A Class H felony shall be punishable by imprisonment up to 10 years, or a fine or both[.]"), 15A-1340.4(f)(6) (repealed 1995) (presumptive prison term for Class H felony is three years). Therefore, as to his 1994 conviction, petitioner could have received a sentence of a term of imprisonment in excess of one year,[3] and the conviction qualifies as a predicate for the career offender enhancement.

Because petitioner is not entitled to relief, the § 2255 petition is DISMISSED. The court

---

[2]Although, as previously noted, petitioner raised an objection to his being deemed a career offender based on over-representation of his criminal history, he did not object to the facts relevant to any conviction.

[3]In fact, petitioner was sentenced to seven years imprisonment. (PSR ¶ 17.) Although petitioner claims "it is important to note that [he] only served one month and twenty-two days," (Mot., DE # 80, at 11), the actual time he spent imprisoned is irrelevant, see Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *3 (D.S.C. June 20, 2012) (denying petitioner's § 2255 motion based on Simmons where his sentence had been based on the career offender enhancement due to prior North Carolina convictions for which he had received suspended terms of imprisonment in excess of one year; recognizing that "[w]hether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are 'felonies' for the purposes of sentencing").

3

finds that petitioner has not made "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 17 October 2012.

                             W. Earl Britt
                             Senior U.S. District Judge