UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-00140-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| EMIL BORTEY STEWART | ) | |
| | ) | |

This matter is before the court on defendant's letter filed 11 August 2016. (DE # 115.) In the letter, defendant requests that the court recommend him for the maximum halfway house term of 12 months. Another district court recently explained in response to a similar request:

> While I commend the defendant for his efforts to become a productive citizen upon his release from incarceration, this court is without authority to grant the defendant's motion. A district court's authority to amend a defendant's sentence is limited. A district court "may not modify a term of imprisonment once it has been imposed" unless the BOP moves for a reduction, the Sentencing Commission amends the applicable guideline range, or Rule 35 of the Federal Rules of Criminal Procedure or another statute expressly permits the court to do so. 18 U.S.C. § 3582(c); *see also United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). None of these circumstances are present in the instant case.
>
> Further, I decline to recommend that the BOP amend the manner in which the defendant serves his sentence. In the first place, the BOP has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *see also United States v. Swisher*, No. 3:11-CR-67 (Bailey), 2013 U.S. Dist. LEXIS 40190, at *1 (N.D. W. Va. Mar. 22, 2013). While the Second Chance Act expands the BOP's authority to place prisoners in a halfway house, it does not vest that authority in this court. 18 U.S.C. § 3624(c)(1); *see also United States v. Squire*, No. 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to a [halfway house] does not mean that it must").

> Moreover, while nothing prevents this court from making a recommendation, I believe that the BOP is in the best position to determine the proper placement of the defendant.

United States v. Statzer, No. 1:08CR00024-020, 2016 WL 5940926, at *1-2 (W.D. Va. Oct. 13, 2016) (alteration in original).

For the foregoing reasons, defendant's 11 August 2016 letter, to the extent it could be deemed a motion, is DENIED.

This 19 October 2016.

_____
W. Earl Britt
Senior U.S. District Judge

2